**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*  (203) 821-3700
*157 Church Street*  *Fax (203) 773-5376*
*New Haven, CT 06510*  *www.usdoj.gov/usao/ct*

February 18, 2005

Alan J. Sobol, Esq.
O'Connell, Flaherty & Attmore, L.L.C.
280 Trumbull Street
Hartford, CT 06103-3598

Re:  <u>United States v. Bruce Vetre</u>, Criminal No. 3:02CR341 (EBB)

Dear Mr. Sobol:

This letter confirms the plea agreement entered into between your client, Bruce Vetre (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government").

**THE PLEA AND OFFENSES**

The defendant agrees to plead guilty to Counts 1 and 15 of the Third Superseding Indictment which is currently pending, and which charge him, respectively, with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. He understands that in order to be guilty of these offenses, the following essential elements must be satisfied:

*Count 1 – Conspiracy to commit wire fraud, 18 U.S.C. § 371:*

1. A conspiracy or agreement to commit wire fraud was formed, reached or entered into by two or more persons.

2. At some time during the existence or life of the agreement, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the agreement.

3. At some time during the existence or life of the agreement, one of its alleged members knowingly performed one of the overt acts charged in Count 1 of the indictment and did so in order to further or advance the purpose of the agreement.

Alan J. Sobol, Esq.
February 18, 2005
Page-2

*Count 15 – Fraud by wire, 18 U.S.C. §§ 1343, 2(a), & 2(b)*

1. The defendant knowingly devised or participated in a scheme to defraud.

2. The defendant devised or participated in the scheme to defraud with the intent to defraud.

3. In advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## THE PENALTIES

Each of the above-described offenses carries a maximum penalty of five years' imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years on each count, to begin at the expiration of any term of imprisonment imposed. The defendant understands that, should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release. 18 U.S.C. § 3583(e)(3).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant for each count is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessments due to the Clerk of the Court on the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

## RESTITUTION

In addition to the other penalties provided by law, the Court must also order that the

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-3*

defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution.

The defendant understands that the payment of restitution may be a condition of any supervision imposed by the Court and that failure to make payments may be considered a violation of the order of supervision.

The parties agree to recommend that the Court order the defendant to pay restitution in the amount of $222,000 to Mitsubishi Motors Credit of America, Inc., and $1,300.00 to Pamela Bozzuto. The defendant understands that the Court may order the defendant to make additional restitution to other victims.

## SENTENCING GUIDELINES

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court will normally be required to determine the applicable Guidelines range, or at least identify the arguably applicable ranges, and consider the applicable policy statements in the Sentencing Guidelines, as well as consider other factors enumerated in 18 U.S.C. § 3553(a), to tailor an appropriate sentence. *See United States v. Booker*, --- U.S. ----, 125 S. Ct. 738 (2005); *United States v. Crosby*, --- F.3d ----, 2005 WL 240916 (2d Cir. Feb. 2, 2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offenses, of his criminal history, and of his financial condition. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-4*

which: (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

      3.    Guidelines Stipulation

The Government and the defendant stipulate that the November 1, 2001 U.S. Sentencing Commission Guidelines Manual should be used to calculate the defendant's Guidelines Sentencing Level. The parties further agree that the base offense level under U.S.S.G. § 2B1.1 is 6. Because the loss reasonably foreseeable to the defendant exceeded $400,000, but was less than $1,000,000, 14 levels are added under U.S.S.G. § 2B1.1(b)(1). Because the offense involved 50 or more victims, 4 levels are added under U.S.S.G. § 2B1.1(b)(2). Because the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, 3 levels are added under U.S.S.G. § 3B1.1(b). Assuming the defendant meets all of the requisite conditions, 3 levels will be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 24.

Based on the information available to the Government at this time, including representations by the defendant, the defendant's criminal history category is I. At a total offense level of 24 and criminal history category I, the defendant's Guideline range is 51 to 63 months' imprisonment (sentencing table) and fine range of $10,000 to $100,000 (U.S.S.G. § 5E1.2(c)(3)).

The parties recognize that the Court is not bound by the applicable Guidelines range (or arguably applicable ranges) and that the Guidelines are advisory only. In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and to make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the defendant and the Government expressly reserve the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

The parties reserve their rights to seek departures from the Guideline and fine ranges specified above. The defendant expressly understands that the United States Probation Office and the Court are not bound by the parties' calculations of the Guidelines and fine ranges. He also understands that the Government's calculations regarding his criminal history category are subject to final determination by the Court. The defendant further expressly understands that he will not be permitted to withdraw his plea of guilty if the Court imposes a sentence outside of the

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-5*

Guideline and fine range set forth in this agreement.

    4.    Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by statute.

    5.    Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the probation officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

    1.    Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

    2.    Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following his plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-6*

reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

3. <u>Waiver of Right To Post-Conviction DNA Testing of Physical Evidence</u>

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

**SCOPE OF COOPERATION**

The defendant agrees to cooperate fully with the Government and special agents of the Federal Bureau of Investigation, U.S. Secret Service, and state and/or local law enforcement authorities as may be required. The defendant understands that all of his cooperation, testimony, statements, information and other assistance as provided below must be fully truthful, accurate and complete. This cooperation will include the following:

1. The defendant agrees to be debriefed and to disclose fully and truthfully and on a continuing basis all information concerning his knowledge of and participation in criminal activities by himself or others whether or not related to the charges to which he is pleading guilty. All documents and objects that may be relevant to the investigation and which are in the defendant's possession, custody or control shall be furnished by him upon request.

2. The defendant agrees to testify truthfully before a grand jury and at any trials or other proceedings in the District of Connecticut or elsewhere as may be required by the Government.

3. The defendant agrees to cooperate fully with the agents and officers referred to above, and with representatives of this office. This cooperation includes, but is not limited to, participating in active investigative techniques under the direction and control of the above-referenced agents and officers. It is expressly understood that the defendant shall engage in no undercover activities, operations or dealings

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-7*

        other than pursuant to the specific instructions and control of the agents or officers.

Informing the Court/Others About Cooperation

        The defendant expressly understands that the sentence to be imposed upon him is within the sole discretion of the sentencing Court. The Government cannot and does not make any promise or representation as to what sentence the defendant will receive, nor will it recommend any specific sentence to the sentencing Court. However, the Government will inform the sentencing Court and the Probation Office of the nature and extent of the defendant's cooperation, including its investigative or prosecutive value, completeness, truthfulness, and accuracy, or the lack of its value, completeness, truthfulness and accuracy. In addition, the Government will make this information known to any other administrative or governmental entity designated in writing by the defendant's counsel.

        In addition, if the Government determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government will file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) advising the sentencing Court of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). The defendant understands that the determination whether or not to file such a motion rests solely with the Government. The defendant further understands that, whether or not the Government files a motion pursuant to Section 5K1.1, the Court may impose a sentence it believes to be reasonable in consideration of all relevant factors, including the defendant's cooperation. The defendant understands that even if a 5K1.1 and/or § 3553(e) motion is filed, the Court is under no obligation to grant or act favorably upon the motion. It is expressly understood that the sentence to be imposed on the defendant remains within the sole discretion of the sentencing Court.

Use of Information Against Defendant

        Except as provided below, the Government will not use any information disclosed by the defendant during the course of his cooperation against him in any subsequent, unrelated criminal prosecution. The defendant understands that under § 1B1.8 of the Sentencing Guidelines, the information that he discloses must be brought to the attention of the Court. The Government will ask that such information not be considered by the Court in tailoring an appropriate sentence. However, the defendant also understands, as set forth below, that if he breaches this agreement such information, statements or testimony will be considered by the Court in connection with sentencing, and the Government may prosecute him for any federal criminal violation and may use any information, statements or testimony provided by him, as well as leads or evidence derived therefrom, in such prosecution. Nothing in this agreement shall be construed to protect

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-8*

the defendant from prosecution for perjury, false statement or obstruction of justice, or any other offense committed by him after the date of this agreement, and the information provided by the defendant may be used against him in any such prosecutions.

## **BREACH OF AGREEMENT**

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, violates a condition of his bond or supervised release, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. In addition, if the Government determines that the defendant has intentionally given false, misleading, or incomplete information or testimony; has failed to disclose his involvement in other criminal conduct; has committed or attempted to commit any further crimes; has failed to appear for sentencing; has failed to cooperate fully; or otherwise has violated any provision of this agreement, then the Government may deem all or part of this agreement null and void.

In the event the Government voids the plea agreement, the defendant will be subject to prosecution for the underlying offense as well as any other federal criminal violation, including but not limited to perjury, false statement, and obstruction of justice. Any such prosecution may be premised upon (1) any information or statement provided by the defendant to the Government or other designated law enforcement agents or officers, (2) any testimony given by him in court, grand jury, or other proceedings, and (3) any leads derived from such information, statements, or testimony. The defendant understands that such information, statements, testimony, and leads derived therefrom may be used against him in any such prosecution. Moreover, the defendant agrees that all such information, statements, or testimony shall be admissible in criminal proceedings against him, and he expressly waives any claim under the Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or statute, that such information, statements, testimony, or leads should be suppressed or excluded. Finally, the defendant waives any claim that such prosecution is time-barred where the statute of limitations has expired between the signing of this agreement and the commencement of any such prosecution.

## **ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-9*

representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**DEFENDANT NOT A PREVAILING PARTY**

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the scheme to defraud at the Shoreline Mitsubishi automobile dealership, which forms the basis of the indictment which is pending in this case. After sentencing, the Government will move to dismiss the Indictment, the Superseding Indictment, and the Second Superseding Indictment to the extent they apply to the defendant.

*Alan J. Sobol, Esq.*
*February 18, 2005*
*Page-10*

## NO OTHER PROMISES

Apart from any written Proffer Agreement, the defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

                        Very truly yours,

                        KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY

                        JONATHAN BIRAN
                        ASSISTANT U.S. ATTORNEY

                        MICHAEL S. McGARRY
                        ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        3/7/05
BRUCE VETRE                              Date
The Defendant

I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

_____        3-7-05
ALAN J. SOBOL, ESQ.                    Date
Attorney for the Defendant

<u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or
>
> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:
>
>> The greater of -
>>
>> (I) the value of the property on the date of the damage, loss, or destruction; or
>>
>> (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim --

> A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
>
> C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution shall be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's resentencing to any

sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any victims of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

2